IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 18, 2004 Session

**WILLIAMS HOLDING COMPANY d/b/a RALEIGH HILLS
APARTMENTS v. SHARON T. WILLIS, ET AL.**

**Direct Appeal from the Circuit Court for Shelby County
No. 68349 T.D.      Robert L. Lanier, Judge**

_____

**No. W1999-02733-COA-R3-CV - Filed August 17, 2004**

_____

Plaintiff, owner of an apartment complex, filed suit seeking damages caused by a fire in an apartment occupied by Defendants. The parties consented to arbitration. The parties stipulated to the damages in the amount of $73,414.64. Further, it was stipulated that Plaintiff settled with two of the three Defendants whereby the two Defendants payed 50%, $36,707.32, of the property damage. Subsequently, the arbiter ruled that the remaining Defendant was 100% at fault and liable for the total amount of damages, $73,414.64. Plaintiff filed a motion with the trial court to confirm the arbiter's award. In response, the remaining Defendant filed a motion to modify, correct, and/or to vacate the arbitration award and a motion for credit, set off and reduction of award. The trial court confirmed the arbiter's award, thereby denying Defendant's motions. Defendant appeals. For the following reasons, we reverse the decision of the trial court and modify the arbitration award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Modified
and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Bruce D. Brooke, Memphis, Tennessee, for the appellant, Joe Leavy.

James W. Cook, Memphis, Tennessee, for the appellee, Williams Holding Company, d/b/a Raleigh Hills Apartments.

**OPINION**

Williams Holding Company, d/b/a Raleigh Hills Apartments (Plaintiff), filed a complaint in the Shelby County Circuit Court, alleging that Defendant, Sharon Willis (Willis), breached her lease agreement by leaving her apartment with a pan of grease on the kitchen stove, whereby her son, Defendant, Antonio Brown (Brown), and his friend, Defendant/Appellant Joe Leavy (Leavy, or collectively with Willis and Brown as the Defendants), turned on the stove and left the

apartment to be consumed by a grease fire. The complaint further alleged that the negligence of Willis, Brown, and Leavy directly and proximately caused the apartment damages occasioned by the fire. The trial court entered an order referring parties to arbitration, citing the desire of the parties to arbitrate, pursuant to Tenn. Code Ann. § 29-5-302 (2000) with the trial court retaining jurisdiction to enter a judgment thereunder. Plaintiff, Willis, and Brown selected Richard S. Taube as the arbiter with Leavy abstaining from the selection.

At the arbitration, Plaintiff and Defendants stipulated that the total amount of the property damage was $73,414.64. It was further stipulated that Willis and Brown had settled Plaintiff's claim against them by paying 50%, $36,707.32, of the property damage. By consent order, Willis and Brown were dismissed with prejudice from Plaintiff's claim. The arbiter found that Leavy was 100% negligent and responsible for the damages resulting from the fire and ordered Leavy to pay Plaintiff $73,414.64.

Plaintiff filed a motion, with the trial court, to confirm the judgment of the arbiter and to enter the judgment pursuant to Tenn. Code Ann. § 29-5-302. In response, Leavy filed a motion to vacate, modify and/or correct the arbiter's award. After a hearing on these motions, the trial court entered an order affirming the findings of the arbiter. Leavy filed a subsequent motion to modify, correct, and/or to vacate arbitration award and motion for credit, set-off, and reduction of award. The parties filed a consent stipulation whereby the parties agreed that Leavy's motions were deemed to have been filed, argued, considered, and denied by the trial court. Leavy timely filed his notice of appeal.

## Issues Presented

Leavy raises the following issue, as we perceive it, for our review:

Whether the trial court erred in confirming the arbiter's award.

Plaintiff raises the following additional issue for our review:

Whether the arbiter's award, confirmed by the trial court, is subject to appeal absent the grounds set forth at Tenn. Code Ann. § 29-5-313 (2000).

## Analysis

This case is governed by the following principles, as enumerated in *Smith v. Waller*, No. 03A01-9704-CH-00127, 1997 WL 412537 (Tenn. Ct. App. July 24, 1997) (*no perm app. filed*):

This Court is mandated to review the decision of the trial court in an arbitration case under a "clearly erroneous" standard, which requires deferential treatment. *Arnold v. Morgan Keegan Co., Inc.,* 914 S.W.2d 445 (Tenn. 1996).

*Arnold* is clear on the point that an arbitration award is not subject to the preponderant evidence standard of review, and moreover, "that it is not subject to vacation for a mere mistake of fact or law." *Id*. at 451. Quoting with approval from *Carolina Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 255 S.E.2d 414 (1979), *Arnold* holds:

> "If an arbitrator makes a mistake, either as to law or fact, it is a misfortune of the party, and there is no help for it. There is no right of appeal and the Court has no power to revise the decisions of 'judges who are of the parties' own choosing.' An [arbitration] award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake, either of law or fact, may be suggested by the dissatisfied party. Thus arbitration, instead of ending, would tend to increase litigation."

*Id*. at 451.

But *Arnold* also recognizes that arbitrators 'exceed the powers' when they go beyond the scope of authority granted by the arbitration agreement.

*Smith*, 1997 WL 412537, at *1-2.

Leavy contends the trial court erred in confirming the arbiter's award and denying his motion to correct, modify, and/or vacate the arbitration award and motion for credit, set-off, and reduction of award. To support his contention that the award should have been vacated or modified, Leavy relies upon Tenn. Code Ann. § 29-5-313(a)(3) (2000) which provides in pertinent part:

> (a) Upon application of a party, the court shall vacate an award where:
>
> . . .
>
> (3) The arbitrators exceeded their powers;

Tenn. Code Ann. § 29-5-313(a)(3). Leavy argues that the arbiter exceeded his power by requiring Leavy to pay the full $73,414.64 when Plaintiff had settled with Willis and Brown for one-half of the stipulated amount of damages.

In determining whether the arbiter exceeded his powers by going beyond the parties' agreement to arbitrate, we will follow *International Talent Group, Inc., v. Copyright Management, Inc.*, 769 S.W.2d 217 (Tenn. Ct. App. 1988). In that case, the parties agreed that

-3-

the total liability would be $7,500. *Int'l Talent Group, Inc.,* 769 S.W.2d at 219-20. However, the arbiter awarded the Plaintiff $76,400. *Id*. at 217. The trial court vacated the award and the Plaintiff appealed. This Court held:

> The arbitrators' award of $76,400 is beyond the scope of the $7,500 liability which was agreed to by the parties.
>
> Tennessee Code Annotated § 29-5-313(a)(3) provides that "[u]pon application of a party, the court shall vacate an award where: . . . (3) [t]he arbitrators exceeded their powers."
>
> We therefore conclude, as did the Chancellor, that the arbitration award did not draw its essence from the Agreement of the parties. The Chancellor correctly refused to enforce the award.

*Id*. at 220.

In this case, the parties stipulated that the total amount of damages was $73,414.64. It was further stipulated that Willis and Brown had settled Plaintiff's claim against them by paying 50%, $36,707.32, of the property damage. Willis and Brown were subsequently dismissed with prejudice by consent order. Neither party questions these stipulations. Therefore, we conclude that the arbiter exceeded his authority by ignoring the stipulations by the parties and granting an award for the total amount of the stipulated damages. Accordingly, we conclude that the arbiter's award was clearly erroneous and Leavy's motion to vacate, correct, and/or modify the arbiter's award should have been granted. Pursuant to the authority of T.C.A. § 29-5-314(b), the decision of the arbiter and the judgment thereon entered is modified by requiring Leavy to pay $36,707.32 rather than the $73,414.64 as found by the arbiter and trial court. *See Smith*, 1997 WL 412537, at *2. Having found that Leavy established sufficient grounds under Tenn. Code Ann. §§ 29-5-313 and -314 for the court to modify the arbiter's award, Plaintiff's additional issue is pretermitted.

## Conclusion

In light of the foregoing, we reverse the trial court's judgment confirming the arbiter's award and modify the award to require Leavy to pay Plaintiff damages in the amount of $36,707.32. Costs of this appeal are taxed to the Appellee, Williams Holding Company, d/b/a Raleigh Hills Apartments, for which execution may issue if necessary.

---

DAVID R. FARMER, JUDGE

-4-